IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RASHFORD EMANUEL GALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-067 |
| | ) | |
| CCA MCRAE CORRECTIONAL FACILITY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at McRae Correctional Facility in McRae, Georgia, brought the above-captioned civil rights case and is proceeding *pro se* in this action. Because Plaintiff has failed to show proof of service upon Defendant CCA McRae Medical Department within the fourteen days given in the Court's January 6, 2015 Order, (doc. no. 12), the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for reconsideration be **DENIED** (doc. no. 15) and Defendant CCA McRae Medical Department be **DISMISSED** without prejudice for failure to timely effect service.

On January 6, 2015, the Court directed Plaintiff to show cause as to why he had not served Defendants CCA McRae Medical Department and Charles Staples in the 120-day period given for service of process. (Doc. no. 12.) The Court gave Plaintiff fourteen days to explain the reasons for the delay and why those defendants should not be dismissed. (Id. at 2 (citing Fed. R. Civ. P. 4(m)). The Court also informed Plaintiff that requesting waiver of service of process was distinct from actually serving Defendants. (Id. at 1.) The Court had previously informed Plaintiff in its

instructions that if Defendants were not timely served within this 120-day period, the Court may dismiss the case. (Doc. no 6.) On January 8, 2015, Defendant Charles Staples executed a waiver of service and answered the complaint (Doc. nos. 13, 14.) Therefore, the only defendant remaining in this case that has not been served or waived service is Defendant CCA McRae Medical Department,

Plaintiff now argues that he has served Defendant CCA McRae Medical Department and in the alternative, requests more time for service in a "pleading requesting this Honorable Court to reconsider its Order dated January 6, 2015." (Doc. no. 15.) Plaintiff alleges that he "serviced upon each of the (6) defendants in this complaint a copy of the notice of a lawsuit and request to waive service of a summons, waive [sic] of the service of summons, filed stamped complaint and a prepaid means for returning the waive [sic] form." (Id. at 4.) Plaintiff has only provided proof that he has sent a waiver of service form to CCA McRae Medical Department. (Id. at 8; doc. no. 7, p. 2.) The Court has previously explained to Plaintiff that requesting waiver of service is distinct from actually serving Defendant. (Doc. no. 12, p. 12.) Thus, Plaintiff has failed to comply with the Court's January 6, 2015 Order and has shown no proof that service has been effected upon Defendant.

Rule 4(m) empowers courts to extend the time for service with no predicate showing of good cause. Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (permitting extension of 120-day service period, even in absence of good cause). Thus, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).

Here, Plaintiff has not shown good cause for failing to timely effect service or comply with the Court's January 6, 2015 Order, and the Court finds that no other circumstances warrant

an extension of the service period. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for reconsideration be **DENIED** (doc. no. 15) and Defendant CCA McRae Medical Department be **DISMISSED** without prejudice for failure to timely effect service.

SO REPORTED and RECOMMENDED this 3rd day of February, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA