IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RASHFORD EMANUEL GALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-067 |
| | ) | |
| CCA MCRAE CORRECTIONAL | ) | |
| FACILITY; STACEY N. STONE, | ) | |
| CCA McRae Warden; LYNETTE | ) | |
| HARRIS, CCA McRae Unit Manager; | ) | |
| CHARLES STAPLES, CCA McRae RN; | ) | |
| and STACY GILES, CCA McRae Medical | ) | |
| Health Services Administrator, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, currently detained at McRae Correctional Facility in McRae, Georgia, commenced the above-captioned case *pro se* and has paid the $400.00 filing fee. Currently before the Court are various motions by Plaintiff pertaining to the subpoena of witnesses for trial (doc. no. 29), requesting discovery from Defendants (doc nos. 31-35), and requesting to introduce exhibits attached to his complaint as evidence (doc. no. 30).

**I. Plaintiff's Motion Requesting the Court to Issue Subpoenas to Witnesses**

First, Plaintiff's motion requesting the Court to subpoena witnesses for trial is premature and improper at this time. Discovery in this case has just concluded but both parties have until October 22, 2015 to file motions, including motions for summary judgment. (Doc. no. 28.) Defense counsel intended to file a motion for summary judgment, and no trial is imminent in this

case.  (See doc. no. 36, p. 2.)  Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to summon witnesses.  (Doc. no. 29)

## II. Plaintiff's Discovery Motions

Plaintiff's first discovery motion requests the Court to reconsider the return of his prior interrogatories filed with the Court.  (See doc. no. 31, pp. 1, 9.)  The Court's prior Order clearly informed Plaintiff that discovery materials were not to be filed with the Clerk of Court and were to be served directly upon Defendants.  (Doc. no. 6, pp. 3-4.)  Thus, Plaintiff's motion is nothing more than a request for the Court to allow him to serve discovery requests upon Defendant by filing them with the Court.  Accordingly, the Court **DENIES** Plaintiff's "resubmitting motion for disclosures and discovery pursuant to Fed. R. Civ. 33(b)(2) and (3)" as improper under the Federal Rules of Civil Procedure.

Plaintiff's other "motions to compel" are interrogatories filed with the Court requesting the four individual Defendants in this case to answer various questions under oath.  (Doc. nos. 32-35.)  In their response, Defendants attach an affidavit stating t they never received any interrogatories from Plaintiff.  (Doc. no. 37, p. 4.)  , Plaintiff's "motions to compel" are improper discovery requests filed with this Court and never sent to Defendants.

Even considering the motions as motions to compel discovery, the motions are improper. The Local Rule that governs the filing of a motion to compel provides:

> **LR 26.5 Discovery Motions and Objections.**  Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:
>
>   (a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;

2

>   (b) include the specific ground for the motion or objection; and
>
>   (c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.
>
>   Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

Loc. R. 26.5.

Here, Plaintiff completely fails to comply with the Local Rule in that he did not attach a certification that he has made a good faith effort to resolve the dispute before seeking Court intervention. Plaintiff's motions in no way comply with the Local Rules, and therefore the Court **DENIES** Plaintiff's "motions to compel." (Doc. nos. 32-35.) See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion).

### III. Plaintiff's Motion to Present Exhibits

Plaintiff has also filed a motion to present exhibits as evidence. (Doc. no. 30.) Plaintiff apparently wishes to introduce the exhibits attached to his complaint as evidence against the Defendants at trial. (See id.) As noted above, discovery in this case has just concluded, and the parties have until October 22, 2015 to file all civil motions, excluding motions in limine.

(Doc. no. 28.) A trial in this case is in no way imminent. Thus, Plaintiff's motion is procedurally improper at this time, and the Court **DENIES** Plaintiff's motion to present exhibits. (Doc. no. 30.) Should Plaintiff file a motion for summary judgment or respond to a motion for summary judgment by Defendants, he may file any evidence along with such motion to prove a material fact, including the complaint exhibits.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to subpoena witnesses for trial (doc. no. 29), **DENIES** Plaintiff's motion "resubmitting motion for disclosures and discovery pursuant to Fed. R. Civ. 33(b)(2) and (3)" (doc no. 31), **DENIES** Plaintiff's motions to compel answers to interrogatories from Defendants Stone, Giles, Staples, and Harris (doc. nos. 32-35), and **DENIES** Plaintiff's motion to present exhibits as evidence (doc. no. 30).

SO ORDERED this 9th day of October, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA